IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KATHLEEN KUHL,

    Plaintiff,

v.                                  CASE NO. 1:09-cv-00205-MP -GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and supplemental security income benefits be affirmed. Petitioner timely objected to the Magistrate Judge's Report and Recommendation. This Court reviews objected-to material *de novo*.

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ erred at step 2 of the sequential evaluation by not finding that Plaintiff's depression was a severe impairment. An impairment is severe at step 2 of the sequential evaluation if it significantly limits one's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). To be considered "severe" a medical condition must constitute more than a "deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

The ALJ's conclusion that Plaintiff's depression was not severe is supported by the substantial evidence of record. Plaintiff's depression did not constitute a severe impairment

because the depression did not impose any severe limitations upon Plaintiff's activities of daily living, and only mildly affected her social limitations. Moreover, Plaintiff's depression was not severe because taking Effexor adequately controlled the effect of her condition. As such, the Court concludes that there was no error in the ALJ's determination that Plaintiff's depression did not constitute a severe impairment at Step 2 and that this finding was supported by substantial evidence.

Second, Plaintiff argues that the ALJ erred by failing to consider Plaintiff's depression in combination with all of her other impairments. In determining the severity of impairments, the Commissioner must consider the combined effect and combined impact of all of the individual's impairments. 42 U.S.C. § 1382c(a)(3)(G). The ALJ expressly stated in his decision that he had given "particular consideration to the claimant's physical impairments and emotional impairments" in arriving at his conclusion that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. As such, the ALJ did not err in failing to consider Plaintiff's depression in combination with her other impairments. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 19, is ADOPTED and incorporated herein.

2. The decision of the Commissioner, denying benefits, is AFFIRMED.

**DONE AND ORDERED** this __2nd__ day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:09-cv-00205-MP -GRJ*